UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and GEICO
CASUALTY CO.,

                    Plaintiffs,

                    v.

MIKHAIL ZEMLYANSKY, MICHAEL
DANILOVICH, MIKHAIL OSTRUMSKY, BORIS
TREYSLER, YURIY ZAYONTS, MIKHAIL
KREMERMAN and JOHN DOE DEFENDANTS
1-10,

                    Defendants.

**MEMORANDUM & ORDER**
13-CV-4966 (MKB) (SMG)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. commenced the above-captioned action on September 5, 2013, against Defendants David Sanni-Thomas, D.O., Webster DST Medical, P.C., Kingston Place Medical, P.C., Max Way Medical, P.C., David Sanni-Thomas Medical, P.C. (collectively, "Sanni-Thomas Defendants"), Michael Barukhin, Mikhail Zemlyansky, Michael Danilovich, Mikhail Ostrumsky, Boris Treysler, Yuriy Zayonts, Mikhail Kremerman, and John Doe Defendants 1–10. Plaintiffs allege that Defendants improperly submitted medical bills for reimbursement, pursuant to New York State's "no fault" insurance law, without complying with applicable state licensing or billing requirements, and sought reimbursement for treatment that was not medically necessary or services that were not rendered. Plaintiffs bring claims for substantive violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"),

RICO conspiracy, common law fraud and unjust enrichment.

On December 10, 2013, Plaintiffs requested certificates of default against Defendants and, on December 10, 2013, the Clerk of Court entered certificates of default against, *inter alia*, Tysler, Zemlyansky and Ostrumsky. (Docket Entry Nos. 29–30, 33.) On December 16, 2013, the Clerk of Court entered certificates of default against Kremerman and Zayonts, (Docket Entry Nos. 38–39), and on December 23, 2013, it entered a certificate of default against Danilovich, (Docket Entry No. 40). On May 5, 2014, Plaintiffs filed a stipulation discontinuing the action as to Barukhin, and Barukhin was dismissed from this case. (Docket Entry Nos. 52–53.) On October 27, 2014, Plaintiffs filed a stipulation discontinuing the action as to the Sanni-Thomas Defendants, and, on November 3, 2014, the Sanni-Thomas Defendants were dismissed from the case. (Docket Entry Nos. 62–63.)

Although they were properly served with copies of the summons and Complaint, (Docket Entry Nos. 5, 11–14, 16, 37), the six remaining Defendants — Zemlyansky, Danilovich, Ostrumsky, Treysler, Zayonts and Kremerman (collectively, the "Management Defendants")[1] — failed to appear in, or otherwise defend against, this action.[2] On January 28, 2015, Plaintiffs moved for default judgment against the Management Defendants. (Docket Entry No. 64.) By Order dated February 19, 2015, the Court referred the motion to Chief Magistrate Judge Steven M. Gold for a report and recommendation.

---

[1] The Court adopts this terminology, which was used by Plaintiffs and by Chief Magistrate Judge Steven M. Gold in his September 4, 2015 Report and Recommendation (R&R).

[2] On December 16, 2013, the Clerk of Court entered a notice of default against Defendant Zayonts. However, Zayonts ultimately appeared in this action on February 5, 2015. (Docket Entry No. 45.) Zayonts sought and was granted four extensions of time to answer the Complaint. (Docket Entry Nos. 46, 48–49, 51; Orders dated Feb. 18, 2014, Apr.1, 2014, Apr. 8, 2014 & Apr. 22, 2014.) Zayonts failed to file an answer to or move to dismiss the Complaint, or file a response to Plaintiffs' motion for default judgment or objections to Judge Gold's R&R.

By Report and Recommendation dated September 4, 2015, (R&R), Judge Gold recommended that the Court grant Plaintiffs' motion for default judgment against the Management Defendants (Zemlyansky, Danilovich, Ostrumsky, Treysler, Zayonts and Kremerman) and enter judgment against these Defendants, jointly and severally, in the amount of $2,915,077.02. (R&R 21.) Specifically, Judge Gold recommended that the Court grant Plaintiffs' motion for default judgment against the Management Defendants on Plaintiffs' RICO, RICO conspiracy, common law fraud and unjust enrichment claims, (R&R 17), and that Plaintiffs be entitled to recover a total of $971,692.34 in reimbursement payments,[3] (R&R 18). Judge Gold further recommended that Plaintiffs be entitled to recover treble damages arising from the RICO claims, and that the Management Defendants' be jointly and severally liable for the $2,915,077.02 total. (*Id.*)

Plaintiffs sought pre-judgment interest on their fraud claim, at a rate of nine percent per annum. (Mem. Law in Support of Pls. Mot. for Default ("Pls. Mem.") 22, Docket Entry No. 66.) In light of the fact that Judge Gold recommended the Court award treble damages for Plaintiffs' RICO claims, he recommended that Plaintiffs receive no award for their common law fraud claim, and therefore no pre-judgment interest. (R&R 19.) Judge Gold recommended that fees and costs not be included in the Court's final judgment, as Plaintiffs failed to submit a fee application or an itemization of costs. (*Id.*) Finally, Judge Gold recommended that any amount recovered by Plaintiffs in settlements with the other Defendants in this action not be taken into account in calculating damages assessed against the Management Defendants. (R&R 21.)

---

[3] Plaintiffs sought a total of $1,468,186.20 in payments against the Management Defendants. (R&R 18 n.5) Judge Gold noted in his R&R that the records indicate that Plaintiffs made payments totaling only $971,692.34. (*Id.*) Plaintiffs did not object to Judge Gold's determination regarding the amount of damages.

3

No party has objected to the R&R, and the time for doing so has passed.

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Almonte v. Suffolk Cnty.*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court construes Judge Gold's recommendation that Plaintiffs are entitled to a default judgment on the fraud claim and the unjust enrichment claim as an analysis in the alternative, and not a recommendation that Plaintiffs are entitled to recover for both claims. The New York State Court of Appeals has recently held that "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon New York, Inc.*, 18 N.Y.3d 777, 790 (2012). Plaintiffs' argument regarding unjust enrichment rests entirely on the premise that Defendants engaged in a "fraudulent scheme," which is set forth in support of Plaintiffs' fraud claim. (*See* Pls. Mem. 14.) For these reasons, the Court finds that Plaintiffs are not entitled to a default judgment as to the unjust enrichment

claim, which is entirely duplicative of Plaintiffs' fraud claim. *See Corsello*, 18 N.Y.3d at 790 (noting that unjust enrichment is available "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff"); *see also Gov't Emps. Ins. Co. v. Badia*, No. 13-CV-1720, 2015 WL 1258218, at *16 (E.D.N.Y. Mar. 18, 2015) (order adopting report and recommendation, which stated that unjust enrichment claim is only available "as an alternative to the conventional fraud claim"); *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, ---, 2015 WL 738112, at *11 (S.D.N.Y. Feb. 20, 2015) (dismissing unjust enrichment claim because plaintiff failed to show it differed from contract and tort claims, including fraud claim).

The Court has reviewed the remainder of the unopposed R&R and, finding no clear error, adopts Judge Gold's R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Plaintiffs' motion for a default judgment is granted. The Clerk of Court is directed to enter judgment in favor of Plaintiffs against Defendants Zemlyansky, Danilovich, Ostrumsky, Treysler, Zayonts and Kremerman, jointly and severally, in the amount of $2,915,077.02.

        SO ORDERED:

           s/ MKB
        MARGO K. BRODIE
        United States District Judge

Dated: September 27, 2015
      Brooklyn, New York